**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Harris, | No. CV-18-00308-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

The record reflects that *pro se* Plaintiff Marcos Harris has failed to comply with this Court's order and rules to keep the Court informed of his address. For the following reasons, the Court will dismiss this action.

**DISCUSSION**

Parties are required to serve a notice of a change of address in accordance with LRCiv 83.3(d) of the Local Rules of Practice and Procedure of the U.S. District Court for the District of Arizona. At the inception of this action, the Clerk of Court informed Plaintiff that he must file a change of address if his address changed during the pendency of this action. (Doc. 5, p. 2.) The Court repeated this requirement in its screening order, warning Plaintiff that failure to notify the Court of an address change may result in dismissal of this action. (Doc. 8, p. 12.) The record reflects that Plaintiff filed notices of address changes in March and September of 2019.[1] (Docs. 26, 38.)

On November 12, 2019, Court mail sent to Plaintiff at his address of record was

---
[1] Plaintiff's September 2019 notice of change of address indicated that he was no longer in prison.

returned to the Court as undeliverable bearing the notation that delivery was: "attempted - not known." (Doc. 45.) The record also reflects that Plaintiff's witness list was due in October 2019 and he failed to make such a filing.

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King,* 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his current address constitutes a failure to prosecute as well as a failure to comply with LRCiv 83.3(d) and the Court's screening order.

District courts have the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629–31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633. Additionally, "[f]ailure to follow a district court's local rules is a proper ground for dismissal," *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995), as is failure to comply with the Court's orders. Fed. R. Civ. P. 41(b).

In determining whether dismissal is warranted, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *see also Ghazali,* 46 F.3d at 53 (same). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first three factors favor dismissal of this case as Plaintiff has made no effort to continue with this action as evidenced by his failure to submit his witness list within the deadline and failure to keep the Court apprised of his current address. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider

whether a less drastic alternative is available. Because the Court has no mailing address for Plaintiff, "[a]n order to show cause why dismissal [is] not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey,* 856 F.2d at 1441. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise[.]" In this case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint will therefore be dismissed without prejudice. Accordingly,

IT IS ORDERED that this action is dismissed without prejudice for failure to prosecute and for failure to comply with the Court's orders and rules.

The Clerk of Court is directed to enter judgment accordingly and to close its file in this action.

Dated this 16th day of December, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge